# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LUIS ANTONIO PACHECO,<br><br>                      Plaintiff,<br>v.<br><br>CAPT. BOUZEK, SGT. BOTVIN, C.O. STAPLES, C.O. ROJAS, C.O. HERCENRODN, C.O. FUNK, and KAYLA MIEDEMA,<br><br>                      Defendants. | Case No. 24-CV-1359-JPS<br><br><br>**ORDER** |

Plaintiff Luis Antonio Pacheco, an inmate confined at Waupun Correctional Institution ("WCI"), filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. ECF 1. This Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and motion for an extension of time, as well as screens his complaint.

**1.    MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On November 4, 2024, the Court ordered Plaintiff to pay an initial partial filing fee of $12.53. ECF No. 6. Plaintiff paid that fee on November

27, 2024. The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. ECF No. 2. He must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

2. SCREENING THE COMPLAINT

    2.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799

F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff brings this case against Defendants Capt. Bouzek ("Bouzek"), Sgt. Botvin ("Botvin"), C.O. Staples ("Staples"), C.O. Rojas ("Rojas"), C.O. Hercenrodn ("Hercenrodn"), C.O. Funk ("Funk"), and Kayla Miedema ("Miedema"). ECF No. 1 at 1. On July 24, 2024, at approximately 10:30 a.m., Plaintiff was released from bed restraint for self-harming the previous day. *Id.* Plaintiff was placed in a shower cell while Staples prepared his cell. *Id.* At 2:30 p.m., Hercenrodn and Rojas escorted Plaintiff to his cell. *Id.* Upon arriving at his cell, Plaintiff noticed that Staples placed all of his TLU property in a brown bag in his cell. *Id.* The bag contained paperwork, books, religious items, a bed sheet, and socks—none of which were allowed on clinical observation. *Id.* Hercenrodn and Rojas made no effort to remove the prohibited property. *Id.*

At around 5:20 p.m., Plaintiff ripped the bed sheet into strips and attempted to kill himself. *Id.* Staff found Plaintiff unconscious and Bouzek ordered an emergency cell entry to save Plaintiff. *Id.* Plaintiff was taken to HSU for medical care. *Id.* Afterwards, Plaintiff was placed in a holding cell. *Id.* Bouzek and his staff never strip-searched Plaintiff. *Id.* at 2. Bouzek called Miedema to determine if another bed restraint placement was necessary. Miedema decided not to place Plaintiff, and he was therefore placed back in cell A227. *Id.* Plaintiff then took the two bedsheet strips that were tied to his waist and tied them around his neck in an attempt to kill himself. *Id.*

Staff entered his cell, and Plaintiff was taken to HSU for medical attention. *Id.*

Once medically cleared, Bouzek took Plaintiff for a strip search *Id.* After performing the search, Bouzek left to call Miedma. *Id.* Bouzek failed to place Plaintiff in handcuffs before walking away. *Id.* Miedma ordered Plaintiff to immediately be placed in bed restraints to prevent further self-harm. *Id.* Bouzek and his staff ignored this order. *Id.* At approximately 7:50 p.m., Plaintiff used the tether cuff on the door to cut himself seven times. *Id.* Plaintiff called out to Funk that he had self-harmed and needed to see HSU. *Id.* Botvin cuffed Plaintiff and medical staff cleaned Plaintiff's wounds. *Id.*

At approximately 9:15 p.m., Plaintiff was placed in bed restraints. *Id.* Ten minutes later, Plaintiff's back began to burn, and he could smell OC spray coming off the bed. *Id.* Plaintiff told multiple COs that his back was burning, but he received no relief. *Id.* Around 1:30 a.m., Plaintiff told Bouzek about his back and asked for a decontamination shower. Plaintiff was placed back in restraints until 9:15 a.m. the following morning when he was released and able to take a shower. *Id.*

### 2.3  Analysis

First, the Court finds that Plaintiff may proceed on an Eighth Amendment deliberate-indifference claim against Defendants Bouzek, Staples, Rojas, Hercenrodn, and Miedma for their indifference to the risk of Plaintiff's self-harm. The Eighth Amendment prohibits "cruel and unusual punishments" and "imposes a duty on prison officials to take reasonable measures to guarantee an inmate's safety and to ensure that inmates receive adequate care." *Phillips v. Diedrick*, No. 18-C-56, 2019 WL 318403, at *2 (E.D. Wis. Jan. 24, 2019) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). While a prison official's deliberate indifference to a prisoner's substantial risk of

Page 4 of 10
Case 2:24-cv-01359-JPS   Filed 01/03/25   Page 4 of 10   Document 7

serious harm violates the Eighth Amendment, not every claim by a prisoner that he did not receive adequate care will succeed. *Id.* (citing *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)). To prevail on such a claim, a plaintiff will have to provide evidence showing that "(1) his medical need was objectively serious, and (2) the defendant[] consciously disregarded this need." *Berry v. Lutsey*, 780 F. App'x 365, 368–69 (7th Cir. 2019) (citing *Farmer*, 511 U.S. at 834).

Prison staff have a duty to prevent inmates from causing serious harm to themselves. *Pittman ex rel. Hamilton v. County of Madison*, 746 F.3d 766, 775–76 (7th Cir. 2014). Before an official will be liable for ignoring a risk of self-harm, however, the "risk of future harm must be sure or very likely to give rise to sufficiently imminent dangers." *Davis-Clair v. Turck*, 714 F. App'x 605, 606 (7th Cir. 2018) (internal quotation marks omitted). The question of when that risk of future harm becomes "sure or very likely to give rise to sufficiently imminent dangers" depends on the circumstances of the case. *See, e.g., Freeman v. Berge*, 441 F.3d 543, 546–47 (7th Cir. 2006) (explaining that "at some point," to ensure a prisoner is not "seriously endangering his health," prison officials would have a duty and right to step in and force a prisoner on a hunger strike to take nourishment); *see also Davis v. Gee*, No. 14-cv-617, 2017 WL 2880869, at *3–4 (W.D. Wis. July 6, 2017) (holding that to show a constitutional injury, the harm must present an objectively, sufficiently serious risk of serious damage to future health; swallowing a handful of Tylenol fails to do that).

Here, Plaintiff alleges that Bouzek, Staples, Rojas, Hercenrodn, and Miedma for were aware that he wanted to self-harm and failed to appropriately act. Plaintiff further alleges that after these defendants were aware of Plaintiff's condition, Plaintiff engaged in self-harm. At this early stage, the Court will allow Plaintiff to proceed on an Eighth Amendment

claim against Defendants Bouzek, Staples, Rojas, Hercenrodn, and Miedma for their deliberate indifference to Plaintiff's risk of self-harm. The Court does not find, however, that Plaintiff states a claim against Botvin or Funk. The only allegations against these defendants are that Plaintiff told Funk he had self-harmed and that Botvin cuffed him and took him for medical attention. As such, the Court will dismiss Funk and Botvin for the failure to state a claim against them.

Second, the Court finds that Plaintiff may proceed on an Eighth Amendment conditions of confinement claim against Bouzek and Doe defendants. A prisoner's claim of unconstitutional conditions of confinement is analyzed under the Eighth Amendment's cruel and unusual punishment clause. *See Farmer v. Brennan*, 511 U.S. 832, 834 (1994). A prisoner is entitled to live in conditions that do not amount to "punishment." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Detainees are entitled to be confined under humane conditions that provide for their "basic human needs." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones[.]" *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996). To establish a constitutional violation with respect to an inmate's living conditions, he must be able to demonstrate both: (1) the conditions were objectively so adverse that they deprived him "of the minimal civilized measure of life's necessities," and (2) the defendants acted with deliberate indifference with respect to the conditions. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (quoting *Farmer*, 511 U.S. at 834). "Life's necessities include shelter, heat, clothing, sanitation, and hygiene items." *Woods v. Schmeltz*, No. 14-CV-1336, 2014 WL 7005094, at *1 (C.D. Ill. Dec. 11, 2014) (citing *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006)); *see also Budd v. Motley*, 711 F.3d 840, 842–43 (7th Cir. 2013).

Plaintiff alleges that Bouzek and other unnamed officers were aware that Plaintiff was suffering from OC contamination and left him for almost nine hours without any relief. At the pleadings stage, the Court finds these allegations sufficient to proceed on an Eighth Amendment conditions of confinement claim against Bouzek and Doe defendants.[1] The Court will provide Plaintiff the opportunity to identify the Does through the course of discovery.

3.   **CONCLUSION**

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Eighth Amendment deliberate-indifference claim against Defendants Bouzek, Staples, Rojas, Hercenrodn, and Miedma for their indifference to the serious risk of Plaintiff's self-harm.

**Claim Two:** Eighth Amendment conditions of confinement claim against Defendants Bouzek and Doe defendants.

The Court has enclosed with this Order guides prepared by court staff to address common questions that arise in cases filed by prisoners. These guides are entitled, "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions." They contain information that Plaintiff may find useful in prosecuting his case.

Defendants should take note that, within forty-five (45) days of service of this Order, they are to file a summary judgment motion that raises all exhaustion-related challenges. The Court will issue a scheduling order at a later date that embodies other relevant deadlines.

---

[1] The Clerk of Court is directed to add the Doe defendants to the docket accordingly.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendants Botvin and Funk be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this Court, a copy of the complaint and this Order have been electronically transmitted to the Wisconsin Department of Justice for service on Defendants **Bouzek, Staples, Rojas, Hercenrodn, and Miedma**;

**IT IS FURTHER ORDERED** that under the informal service agreement, those Defendants shall file a responsive pleading to the complaint within sixty (60) days;

**IT IS FURTHER ORDERED** that Defendants raise any exhaustion-related challenges by filing a motion for summary judgment within forty-five (45) days of service;

**IT IS FURTHER ORDERED** if Defendants contemplate a motion to dismiss, the parties must meet and confer before the motion is filed. Defendants should take care to explain the reasons why they intend to move to dismiss the complaint, and Plaintiff should strongly consider filing an amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion

submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendants file a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $337.47 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 3rd day of January, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.